UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

ADALBERTO SOTO GARAVIDEZ

      Plaintiff,

vs.


EURO WINES TRADING INC,
A Florida Profit Corporation d/b/a EURO WINES,
and GLORIA ALFONSO, individually,

      Defendants.

_____/

## COMPLAINT

    Plaintiff ADALBERTO SOTO GARAVIDEZ (hereinafter "Plaintiff") by and through his undersigned attorney, hereby sues Defendants EURO WINES TRADING INC, a Florida Profit Corporation doing business as EURO WINES, (hereinafter "Euro Wines") and GLORIA ALFONSO, individually (hereinafter "Alfonso") (collectively "Defendants") and states as follows:

## JURISDICTION AND VENUE

1.  This is an action for damages and other relief for unpaid overtime committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2.  Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331.

3.  Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and

*Page 1*

because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction there.

## PARTIES

4. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

5. During all times relevant to this Complaint, Plaintiff was employed by Defendants from July 14, 2022, until on or about October 14, 2022, as a deliveryman. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Euro Wines is a Florida for Profit Corporation organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. Euro Wines has its principal place of business in Miami, Florida. Euro Wines had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Euro Wines is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, Euro Wines is in the business of wine wholesale. Euro Wines sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

9.   At all times material to this Complaint, Euro Wines has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or material that have been moved in or produced for commerce.

10.  Euro Wines upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

11.  Defendant Alfonso is the owner and/or manager, and exercised operational control over the activities of, corporate Defendant, Euro Wines.

12.  Defendant Alfonso, acted directly in the interest of her company, Euro Wines. Upon all available information, Alfonso, controlled the manner in which Plaintiff performed his work, and the pay he was to receive.

13.  All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

14.  All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

15.  Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked more than forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

16.  Plaintiff began working for Defendants on July 14, 2022, through October 14, 2022, as a deliveryman. His primary duties were driving the delivery truck within the state of Florida, load and unload the truck, and other manual labor.

17.  Based on the information currently available to Plaintiff, he was paid a salary of $1,500.00/biweekly regardless of the hours he worked.

18. During the course of his employment, Plaintiff regularly worked at least twelve (12) to fourteen (14) hours/day at least four (4) days a week. Plaintiff, on occasion, would also work on Mondays and Fridays.

19. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

20. Furthermore, Defendants routinely made improper deductions from Plaintiff's wages.

21. As a result of these deductions, there were times when Defendants failed to issue payment of the required minimum hourly wage for some of the hours worked by Plaintiff.

22. Defendants and their representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

23. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

24. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

25. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## <u>COUNT I</u>
## VIOLATION OF FLSA/OVERTIME against EURO WINES

26. Plaintiff, re-alleges and reaffirms paragraphs 1 through 25 as if fully set forth herein.

27. This action is brought by Plaintiff to recover from Defendant  unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 207 (a)(1) states "[n]o employer

shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

28. Since the commencement of Plaintiff's employment, EURO WINES has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by having employees working for longer than forty (40) hours without properly compensating them for all hours overtime hours at a rate not less than one- and one-half times their regular rate.

29. Specifically, throughout his employment Plaintiff worked over forty (40) hours during some of the workweeks in which he was employed.

30. Euro Wines is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Euro Wines' business activities involve those to which the Fair Labor Standards Act applies.

31. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed duties such as transporting goods for commerce, loading and unloading goods, disposing of trash, and did not have decision-making authority. Plaintiff drove the company vehicle, Ford van, which upon information and belief weighs under 10,000 pounds, thus qualifying for the small vehicle exception under the FLSA.

32. Euro Wines has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

33. By reason of the said intentional, willful, and unlawful acts of Euro Wines, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

34. Plaintiff seeks to recover for unpaid wages accumulated within three (3) years of the filing of this complaint.

35. As a result of Euro Wines' willful violations of the Act, Plaintiff is entitled to liquidated damages.

36. Plaintiff has retained the undersigned counsel to represent he  in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Euro Wines.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against EURO WINES:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT II**</u>
**VIOLATION OF FLSA/OVERTIME against GLORIA ALFONSO**

37. Plaintiff, re-alleges and reaffirms paragraphs 1 through 25 as if fully set forth herein.

38. At the times mentioned, Defendant Alfonso was, and is now, a corporate officer of corporate Defendant, Euro Wines.

39.  Alfonso was an employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act [29 U.S.C. § 203(d)], in that Alfonso acted directly in the interests of Euro Wines in relation to its employees including Plaintiff.

40. Specifically, Alfonso is the owner of Euro Wines and supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

41. Alfonso had operational control of the business and is thus jointly liable for Plaintiff's damages.

42. Defendant Alfonso willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

43. By reason of the said intentional, willful and unlawful acts of Alfonso, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

44. As a result of  willful violations of the Act, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant GLORIA ALFONSO:

    A.  Adjudge and decree that has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

    D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E.  Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff,  ADALBERTO SOTO demands trial by jury on all issues and all counts of this Complaint

so triable as a matter of right.

Dated:  December 14, 2022

        **PEREGONZA THE ATTORNEYS, PLLC**
        5201 Blue Lagoon Drive,
        Suite 290
        Miami, FL 33126
        Tel. (786) 650-0202
        Fax. (786) 650-0200

        By: /s/ *Nathaly Saavedra*
        Nathaly Saavedra, Esq.
        Fla. Bar No. 118315
        Email: nathaly@peregonza.com
        Juan J. Perez, Esq.
        Fla. Bar No. 115784
        Email: juan@peregonza.com
        Jocelyn R. Rocha, Esq.
        Fla. Bar No. 1039302
        Email: jocelyn@peregonza.com